# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| DEON TOWNSEND,<br><br>Plaintiff,<br><br>vs.<br><br>BRANDON IHDE, OFFICER BATTLE, UNKNOWN OFFICER, VICTORIA CALLENDAR, and YELLOWSTONE COUNTY,<br><br>Defendant. | CV 13-147-BLG-SEH-CSO<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND TO SERVE COMPLAINT BY REQUESTING WAIVER OF SERVICE OF SUMMONS AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

Plaintiff Deon Townsend has moved for leave to proceed in forma pauperis in this action seeking damages based upon alleged violations of his rights under the Fourth and Fourteenth Amendments of the United States Constitution.

## I. MOTION TO PROCEED IN FORMA PAUPERIS

Townsend submitted a declaration and account statement making the showing required by 28 U.S.C. § 1915(a). *ECF 1.* The request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(b)(1), Townsend is required to pay the statutory filing fee of $350.00. The initial partial filing fee will be

-1-

waived, but Townsend will be obligated to make monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by statute and cannot be altered. *See* 28 U.S.C. § 1915(b)(2). By separate order, the Court will direct Montana State Prison to forward payments from Townsend's account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

Because Townsend is a prisoner proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. §§ 1915, 1915A. These sections allow for the dismissal of a pro se complaint before it is served on the defendants if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp.*

*v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Cf.* Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, the district court may grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Townsend*, 203 F.3d 1122, 1127 (9th Cir. 2000)(*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

## III. STATEMENT OF THE CASE

### A. Parties

Townsend is a state prisoner currently incarcerated at the Montana State Prison in Deer Lodge, Montana. He was not incarcerated at the time of the incidents alleged in his Complaint.

In the "Parties" section of the Complaint, Townsend names three Billings Police Officers: Officer Brandon Ihde, Officer Battle, and an unknown officer. He also names Victoria Callendar, a Deputy County Attorney for Yellowstone County. *ECF 2 at 5*. Although not named in the style of the case or in the parties section, Townsend refers to "Defendant Yellowstone County" in the Complaint. *ECF 2 at 9*.

### B. Factual Background

Townsend alleges the following facts. On July 4, 2011, at approximately 1:56 a.m., he was pulled over by Billings Police Officer Brandon Ihde "for allegedly doing 45 m.p.h. in a Pawn Shop parking lot." *ECF 2 as 12*. Officer Ihde wrote Townsend citations for not having a driver's license and for careless driving. *Id. at 13*. When he returned to the vehicle to present the citations to Townsend, Officer Ihde asked

Townsend to step out of the vehicle. He briefly explained the citations and then attempted to persuade Townsend to let him search the vehicle. Townsend explained it was not his vehicle. Ihde said it did not matter and read him the consent to search form. Townsend finally signed the consent because of what he alleges was Ihde's force to make him do so. The search revealed a sealed container which contained drugs. Townsend and his friends were detained for three hours during the course of the stop and search. The officers did not reveal what they had found in the car. After three hours, the officers allowed Townsend and his friends to leave the scene.

On March 7, 2013, almost two years after this incident, Townsend was charged with six felonies of criminal possession with intent to distribute. *Id. at 16.*

By Order dated August 29, 2013, Montana State District Court Judge Gustafson dismissed the charges against Townsend finding that:

> the record indicates Officer lhde's continued detainment of Townsend, Carmichael and Rice was based merely on his hunch that more drugs would be found in the car if searched. There does not appear to have been sufficient "objective data" upon which an officer could use (*sic*) as the basis to expand their search and continue their detainment of

> Townsend. As the Officer inappropriately extended the stop, there is no need to consider the validity of Townsend's consent. Therefore, evidence obtained from search of the vehicle should be appropriately suppressed and Defendant Townsend's Motion to Dismiss granted.

*ECF 2 at 24.*

## IV. ANALYSIS

Townsend alleges Victoria Callendar, a Deputy County Attorney with the Yellowstone County Attorney's Office is violating his rights because (1) there is still an active warrant for his arrest and (2) for delaying the prosecution of him for two years. *ECF 2 at 11*.

Prosecuting attorneys who act within the scope of their duties are absolutely immune from a suit brought for damages under 42 U.S.C. § 1983 "insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" *Burns v. Reed*, 500 U.S. 478, 486 (1991) (*quoting Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Ashelman v. Pope*, 793 F.2d 1072, 1076, 1078 (9th Cir. 1986).

The issuance of a warrant and the decision when to bring a prosecution are decisions intimately associated with the judicial phase of the criminal process. Callendar is entitled to prosecutorial immunity.

Townsend seeks to hold Yellowstone County responsible for the actions of the police department and the Deputy County Attorney. *ECF 2 at 9.* Townsend apparently seeks to establish municipal liability against Yellowstone County based on a theory of respondeat superior. This is not a sufficient ground for municipal liability. Local governments can be subject to liability under 42 U.S.C. § 1983 where an official policy or custom causes a constitutional tort. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690 (1978). A county may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior. *Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691. This defect cannot be cured by amendment because Ms. Callendar, the only county employee defendant, is recommended for dismissal and the named officers are employed by the City of Billings, not the County. Yellowstone County should be dismissed.

The Court has considered whether Townsend's allegations against the Defendant Officers of racial profiling in violation of the Fourteenth Amendment, unreasonable search and seizure in violation of the Fourth

Amendment, and malicious prosecution are frivolous, malicious, fail to state a claim, or seek solely monetary relief from a defendant who is immune. *See* 28 U.S.C. § 1915(e)(2). With liberal construction, the Court cannot say that these allegations fail to state a claim upon which relief can be granted. The Court makes no conclusions about the truth of Townsend's allegations, or about the strength of his claims or of the evidence he might offer. The Court only finds that Townsend has said enough to require a response from Defendant officers.

While Townsend may have set forth sufficient facts to state a claim against the unknown officer, he has not identified that individual by name. The Federal Rules of Civil Procedure include no provision "permitting the use of fictitious defendants." *McMillan v. Department of Interior*, 907 F.Supp. 322, 328 (D.Nev. 1995)); *see also Fifty Associates v. Prudential Ins. Co.*, 446 F.2d 1187, 1191 (9th Cir. 1970). "As a general rule, the use of 'John Doe' to identify a defendant is not favored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Nonetheless, a plaintiff must be afforded an opportunity to identify the unknown defendants through discovery, unless it is clear that discovery

will not reveal their identities or the complaint must be dismissed for other reasons. *Gillespie*, 629 F.2d at 642. "While Doe pleading is disfavored, it is not prohibited in federal practice." *Lopes v. Vieira*, 543 F.Supp.2d 1149, 1152 (E.D.Ca. 2008).

Although papers and pleadings submitted by pro se litigants are subject to a less stringent standard than those of parties represented by attorneys, a pro se plaintiff must follow the rules and orders of the court, including diligently acting to identify any "John Doe" defendants. *Grinage v. Leyba*, 2008 WL 199720 at 12 (D.Nev. 2008). If a plaintiff is not able to name a defendant when he files his complaint, his complaint must provide sufficient information to enable the court and opposing parties to know who he is trying to identify.

The unknown officer cannot be served until Townsend specifically identifies him by name and provides an address at which he can be served. This matter will be served upon Defendants Ihde and Battle. After an Answer has been filed, the Court will issue a Scheduling Order setting a deadline by which the parties must amend their pleadings. Townsend will then be required to amend his Complaint to name the

unnamed officer by the date to be set in the Scheduling Order if he wishes to proceed against the "unknown officer."

Based on the foregoing, the Court issues the following:

**ORDER**

1. The Motion to Proceed in Forma Pauperis (*ECF 1)* is granted.

2. The Clerk shall edit the text of the docket entry for the Complaint (*ECF 2*) to remove the word "LODGED." The Complaint is deemed filed on November 18, 2013.

3. Pursuant to Fed. R. Civ. P. 4(d), the Court will request Defendants Ihde and Battle to waive service of summons of Mr. Townsend's Complaint by executing, or having counsel execute, the Waiver of Service of Summons.[1] The Waiver must be returned to the Court within thirty (30) days of the entry date of this Order as reflected on the Notice of Electronic Filing. If these Defendants choose to return the Waiver of Service of Summons, their answer or appropriate motion

---

[1]Defendants Calendar and Yellowstone County will be recommended for dismissal and are not required to file a responsive pleading at this time.

will be due within 60 days of the entry date of this Order as reflected on the Notice of Electronic Filing, pursuant to Fed. R. Civ. P. 12(a)(1)(B). *See also* 42 U.S.C. § 1997e(g)(2).

4. The Clerk of Court shall forward the documents listed below to:

| | |
|---|---|
| Officer Brandon Ihde | Brent Brooks |
| Officer Battle | Billings City Attorney |
| Billings Police Department | 210 N. 27th Street |
| 220 North 27th Street | P.O. Box 1178 |
| Billings, MT  59101 | Billings, MT  59101 |

* \* Complaint (*ECF 2*);

* \* this Order,

* \* a Notice of Lawsuit & Request to Waive Service of Summons; and

* \* a Waiver of Service of Summons

Should counsel determine they do not represent Defendants, they should notify the Court's Pro Se Department as soon as possible.

Counsel for Defendants must file a "Notice of Appearance" as a separate document at the time an Answer or Rule 12 motion is filed. *See* D. Mont. L.R. 12.2.

5. Any party's request that the Court grant relief, make a ruling,

or take an action of any kind must be in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11.  If a party wishes to give the Court information, such information must be presented in the form of a notice.  The Court will not consider requests made or information presented in letter form.

      6.  Pursuant to Fed.R.Civ.P. 5(d)(1), all documents presented for the Court's consideration must be simultaneously served by first-class mail upon the opposing party or their counsel if the party is represented.  Each party shall sign and attach a proper certificate of service to each document filed with the Court.  The Certificate of Service must state the date on which the document was deposited in the mail and the name and address of the person to whom the document was sent.  The sender must sign the certificate of service.

      7.  Mr. Townsend shall not make any motion for default until at least seventy (70) days after the date of this Order.

      8.  Pursuant to Local Rule 26.1(d), no party may begin discovery until a Scheduling Order has been issued.

9. At all times during the pendency of this action, Mr. Townsend shall immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further the Court issues the following:

## RECOMMENDATION

Defendants Callendar and Yellowstone County should be dismissed.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Townsend may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2] 28 U.S.C. § 636. Failure to timely object may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit

---

[2] As this deadline allows a party to act after the Findings and Recommendations are "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 21st day of November, 2013.

                                      /s/ Carolyn S. Ostby
                                      United States Magistrate Judge