IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| DEON TOWNSEND,<br><br>Plaintiff,<br><br>vs.<br><br>BRANDON IHDE, OFFICER BATTLE, and OFFICER MARTIAN,<br><br>Defendants. | CV 13-147-BLG-CSO<br><br>**ORDER** |

Plaintiff Deon Townsend has filed a Motion to Obtain an Order to Issue Subpoenas (*ECF 40*) and has written a letter seeking ten blank subpoenas (*ECF 41*). Rule 45 of the Federal Rules of Civil Procedure provides that a subpoena may command a person to attend a trial, hearing or deposition and/or may command the production of documents, electronically stored information, or tangible things or the inspection of a premises. But every subpoena must:

(I) state the court from which it issued;

(ii) state the title of the action and its civil-action number;

(iii) command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises; and

(iv) set out the text of Rule 45(d) and (e).

Fed.R.Civ.P. 45(a)(1)(A).

In his motion, Townsend provides a list of individuals he would like to subpoena and sets out the topics on which he anticipates they could testify. But he does not indicate for what or where the individuals are to appear. There are currently no hearings or trials scheduled and there is no indication that any depositions have been scheduled. Therefore, Townsend has failed to comply with Rule 45.

The Court is required to "issue and serve all process and perform all such duties" for a plaintiff proceeding in forma pauperis. 28 U.S.C.1915(d). Should a subpoena require a person's attendance at trial, a hearing, or a deposition, Townsend is responsible for paying all fees and costs associated with the subpoenas. *See Tedder v. Odel*, 890

F.2d 210, 211, 212 (9th Cir. 1989); Fed.R.Civ.P. 45(b)1). Specifically, if a subpoena requires a person's attendance, fees for one day's attendance and mileage must be tendered concurrent with service. Fed.R.Civ.P. 45(b)(1); *see also* 28 U.S.C. § 1821. These fees are not waived based on Townsend's in forma pauperis status. *Tedder*, 890 F.2d at 211–12. Additionally, the court's authorization of a subpoena to non-parties requested by an in forma pauperis plaintiff is subject to limitations, including considerations of the relevance of the information sought as well as the burden and expense to the non-party. Fed.R.Civ.P. 26, 45.

Accordingly, the Court issues the following:

**ORDER**

1. Townsend's Motion to Issue Subpoenas (*ECF 40)* is DENIED WITHOUT PREJUDICE and subject to renewal.

2. The Clerk of Court is directed to provide Townsend with three blank subpoena forms.

3. At all times during the pendency of this action, Townsend must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a Notice of Change of

Address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

DATED this 8th day of September, 2014.

<u>/s/ Carolyn S. Ostby</u>
United States Magistrate Judge