IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| DEON TOWNSEND,<br><br>Plaintiff,<br><br>vs.<br><br>BRANDON IHDE, OFFICER BATTLE, and OFFICER MARTIAN,<br><br>Defendants. | CV 13-147-BLG-CSO<br><br>**ORDER** |

Defendants have filed a Motion for Discovery Sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure seeking dismissal of the case based upon Plaintiff Deon Townsend's refusal to appear for properly noticed depositions. *ECF 52*. The Motion will be granted and this case dismissed.

## I. BACKGROUND

Townsend is a prisoner proceeding without the assistance of counsel. He alleges Defendants violated his Fourth Amendment rights when they stopped and searched his vehicle on July 4, 2011.

A Scheduling Order was issued on February 10, 2014, setting a

discovery deadline of October 6, 2014, and requiring dispositive motions be filed on or before November 6, 2014. *ECF 22.* Defendants scheduled Townsend's deposition for September 26, 2014, and arranged to have Fisher Court Reporting transcribe the deposition. *ECF 44 at 2.* Defendants notified Townsend of the deposition by letter and a Notice of Deposition dated September 9, 2014. *ECF 44-1 at 1-2.* Townsend responded by letter dated September 17, 2014, objecting to the deposition because there was a "potential Fed.R.Civ.P. 28(c) 'financial interest' by Fisher Court Reporting." *ECF 44-2 at 1.* Townsend indicated that he would consent to a deposition by written question. Upon receipt of Townsend's letter, Defendants cancelled the scheduled deposition and filed a motion to compel on September 23, 2014. *ECF 43.* Townsend filed a "Motion to Terminate Oral Examination to Exercise Depositions upon Written Questions" on September 25, 2014. *ECF 45.*

The Court granted Defendants' Motion to Compel and denied Townsend's Motion to Terminate. *See Order dated 10/15/2014(ECF 47).* The Court specifically found that Townsend provided no valid

grounds upon which to object to the taking of his deposition and that, by filing this action, Townsend subjected himself to any of the methods of discovery set forth in the Federal Rules of Civil Procedure.  The Court reopened discovery until November 6, 2014, for the sole purpose of allowing Defendants to take Townsend's deposition by oral examination.  *ECF 47*.

On October 16, 2014, Defendants sent Townsend a Notice of Deposition scheduling Townsend's deposition at Crossroads Correctional Center for October 24, 2014, at 9:00 a.m.  *ECF 53: Defendants' Brief at 2*.  Townsend did not file any objection to the notice of deposition or a motion for protective order.  Instead, he filed a Motion for Partial Summary Judgment (with no supporting brief) on October 24, 2014, a Statement of Undisputed Facts on October 27, 2014, and a Declaration in Support of his Motion for Partial Summary Judgment on October 28, 2014.  *ECF 48, 49, 50*.

When Counsel for Defendants appeared at Crossroads for Townsend's deposition, Townsend refused to appear for his deposition.  Instead, the prison staff delivered to Defendants a note from Mr.

Townsend stating:

> Pursuant to the honorable Courts' Order, I respectfully exercise my Fifth Amendment right to remain silent and submit PRIVILEGED INFORMATION as my only answer to all Deposition questions; the cause is my recent submission for Partial Summary Judgment - the merit of the content disqualifies my participation in order to not jeopardize any privileged information, or violate my constitutionally protected right to Due Process.
>
> I thank you for your time to review my position.

*ECF 53-1 at 7.*

Defendants incurred a total of $2,559.23 for counsel's trip to Shelby. *ECF 53-1 at 2: Kimmet Affidavit, ¶ 6.* On November 6, 2014, Counsel for Defendants spoke with Townsend in an effort to comply with the meet-and-confer requirements of Local Rule 26(c) prior to filing the motion for sanctions. On that call, Townsend represented that he would comply with the Court's prior Order and make himself available for an oral deposition. *ECF 53-1 at 3: Kimmet Affidavit, ¶ 7.*

## II. ANALYSIS

Two provisions of the Federal Rules of Civil Procedure authorize the imposition of sanctions in the circumstances presented by this case. First, Rule 37(b)(2)(A) provides that if a party fails to obey an order to

provide or permit discovery, the court may issue further just orders including dismissal. Fed.R.Civ.P. 37(b)(2)(A)(v). Second, Rule 37(d)(1) provides that the Court may, on motion, order sanctions if a party fails, after being served with proper notice, to appear for their deposition. Fed. R. Civ. P 37(d)(1)(A)(I); *Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir. 1981) (stating that sanctions including dismissal, may issue for a complete or serious failure to respond to discovery, such as a failure to appear for a deposition, even absent a court order compelling discovery). "Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." Fed.R.Civ.P. 37(d)(3). The listed sanctions include "dismissing the action or proceeding in whole or in part." Fed.R.Civ.P. 37(b)(2)(A)(v).

The imposition of terminal sanctions, such as dismissal of a plaintiff's action, is severe and only justified where the party's violations are due to "willfulness, bad faith or fault." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (*quoting Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003)). Because the sanction of dismissal is such a harsh penalty, the district court must weigh five factors before imposing it: "(1) the

public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to [the party seeking sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id.* The court weighs the fifth factor by evaluating three subparts: (1) whether the court has considered lesser sanctions, (2) whether it has tried them, and (3) whether it warned the recalcitrant party about the possibility of case dispositive sanctions. *Conn. Gen. Life. Ins. Co.*, 482 F.3d at 1096.

The first factor, the public's interest in expeditious resolution of litigation, favors dismissal. This case was already delayed due to Townsend's first refusal to appear at a properly noticed deposition. Thereafter, the Court had to extend the scheduling order to permit Defendants to take Townsend's deposition after the Court granted a motion to compel the same. *ECF 47*. The Court then had to vacate the extended deadlines due to Townsend's second refusal to appear for a deposition. Townsend's tactics have caused a significant delay in the resolution of this case.

The second factor, the court's need to manage its docket, also favors dismissal. The Court must be allowed to manage its own docket

and Townsend appears to have little regard for the Court's orders or for the opposing parties' expenditure of time and resources. Townsend's stated reason for his first refusal to appear for his deposition was wholly frivolous, i.e., because Defendants hired a court reporter for the deposition. The reason for his second refusal is less clear, but it seems that Townsend had concluded, without basis and in the face of an order to compel, that he did not have to attend the deposition, and be duly sworn, because he had filed a motion for partial summary judgment. What is more troubling is that the timing of Townsend's motion suggests that he filed the motion for partial summary judgment simply to avoid the deposition. First, he filed his motion after the deposition was noticed. Defendants noticed the deposition on October 16, 2014. *ECF 53-1: Kimmet Affidavit at 1, ¶ 1.* Instead of moving for a protective order or objecting to the deposition as he had done with regard to the first deposition, Townsend filed his motion for partial summary judgment. The motion is dated October 20, 2014, and was filed with the Court on October 24, 2014. *ECF 48.*

Second, Townsend did not file a brief with the motion (in violation of Local Rule 7.1(d)(1)(A)). Townsend represented that he would mail

his brief in support of this motion on October 27, 2014 (*ECF 49-2 at 2: October 24 letter to Clerk of Court re: Statement of Undisputed Facts*.) He later stated he was delayed in filing his brief because he had to respond to Defendants' Motion for Sanctions. (*ECF 57: December 3, 2014 Letter to Clerk of Court*.) No brief was ever filed in support of the motion. He is interfering with the Court's ability to manage its own docket.

The third factor requires the Court to examine the risk of prejudice to Defendants. Townsend has now represented that he would appear for a deposition, but his antics have left Defendants without a remedy. Counsel for Defendants spent considerable time and money to attend the deposition and Townsend did nothing to curtail that. In addition to the sanctions listed in Rule 37(b)(2)(A)(i)-(vi), "the court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(d)(3). Requiring Townsend to pay costs would be a futile endeavor given his incarcerated status. Townsend did not have sufficient funds to pay an initial partial filing

fee (*ECF 4 at 1–2*) and his account statement shows that there is no reason to believe that he can repay Defendants the $2,559.23 in wasted time and travel expenses. *See ECF 1-1.*

While the fourth factor always favors decisions on the merits, the fifth factor, the availability of less drastic measures, favors dismissal. Townsend has succeeded in delaying Defendants' handling of the case and costing them additional monies, and, as set forth above, it appears Townsend is incapable of paying monetary sanctions. Also, even if the Court were to again order Townsend to appear for his deposition, he has taken the position that he may respond "privileged information" to all deposition questions. *See ECF 51-3 at 7.* Having Defendants' counsel incur additional expense and spend additional time attempting to depose Townsend when he has represented that his only answer will be "privileged information" would make another attempt at a deposition futile. There is no less drastic sanction available. Townsend was provided a copy of the Court's Local Rules and the applicable Federal Rules of Civil Procedure including Rule 30–Depositions by Oral Examination and Rule 37–Failure to make Disclosures or to Cooperate in Discovery; Sanctions. As such, he should have been aware of the

consequences of his actions. The Court ordered Townsend to appear for his deposition and he refused. The Court cannot conceive of an effective lesser sanction.

The Court has also considered whether Townsend's repeated refusals to attend properly noticed depositions was due to "willfulness, bad faith, or fault." *Conn. Gen. Life. Ins. Co.*, 482 F.3d at 1096. Townsend's repeated refusal to appear for his deposition represents willful failure to abide by the discovery rules and the Court's Order. The Court is mindful of Townsend's pro se status. Although a party's lack of counsel may be considered in evaluating the willfulness of discovery violations and in weighing the other factors regarding dismissal, pro se status does not excuse intentional noncompliance with discovery rules or orders. *See Jacobsen v. Filler*, 790 F.2d 1362, 1364–65 (9th Cir. 1986) (pro se parties are not excused from following the rules and orders of the court); *see also Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam) (failure of pro se litigant to follow procedural rules justified dismissal of civil rights action). "Pro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Townsend has refused to appear for properly scheduled depositions even after being ordered to do so by the Court. The only appropriate sanction in this case is dismissal. In light of the dismissal, however, the Court finds that an award of expenses would be unjust.

Accordingly, the Court issues the following:

**ORDER**

Defendants' Motion for Sanctions (*ECF 53*) is GRANTED and this matter is DISMISSED.

The Clerk of Court is directed to enter Judgment accordingly.

DATED this 7th day of January, 2015.

                     /s/ Carolyn S. Ostby
                     United States Magistrate Judge