# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| DEON TOWNSEND,<br><br>Plaintiff,<br><br>vs.<br><br>BRANDON IHDE, OFFICER BATTLE, and OFFICER MARTIAN,<br><br>Defendants. | CV 13-147-BLG-CSO<br><br>**ORDER** |

Plaintiff Deon Townsend has filed a document entitled "Objection to Order" with a supporting affidavit (*ECF 63*), a second document entitled "Objection to Order" (*ECF 64*), and what has been construed as a supplement to the Objections (*ECF 65*). As set forth in the Court's March 9, 2015 Order (*ECF 66*), the Objections will be construed as Rule 60 Motion for Relief from Judgment.

Rule 60(b) of the Federal Rules of Civil Procedure provides for reconsideration of a judgment or order where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence

1

could not have been discovered before the time to move for a new trial under Rule 59; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; or (6) any other reason justifying relief. Fed.R.Civ.P. 60(b).

Since Townsend filed his Objections within 28 days of the January 7, 2015 Judgment, the filings could also be construed as a Rule 59 Motion to Alter or Amend Judgment. The Ninth Circuit set forth the following grounds justifying reconsideration under Rule 59(e):

> (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice: or (4) if the amendment is justified by an intervening change in controlling law.

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).

Townsend's various filings provide no basis under either rule to reconsider the Court's Order dismissing this case as a sanction for Townsend refusing to appear at deposition. There was no mistake or excusable neglect, no newly discovered evidence has been identified, there is no allegation of fraud or misrepresentation, the judgment is not

2

void and has not been satisfied, no manifest errors of law or fact have been identified, and Townsend raises no other reasons that justify relief. Rather, Townsend simply reargued the merits of his case and his objections to Defendants' motion for sanctions.

Townsend's Objection to Order (*ECF 64*) focuses on the merits of the case and does not address the basis for the dismissal of the case. Townsend's Affidavit (*ECF 63-1*) addresses the dismissal sanction but only reargues issues which have already been addressed. Townsend continues to attempt to justify his refusal to appear for his deposition on the grounds that he had filed a motion for partial summary judgment and submits that the complete filing of that motion was delayed by his inability to have his submissions notarized and delay caused by the United States Postal Service. *Townsend Affidavit, ECF 63-1 at 2.*

Townsend faults Defendants' counsel for not calling Townsend prior to his drive to Shelby for the deposition to verify Townsend's appearance. *Townsend Affidavit, ECF 63-1 at 3.* But counsel had an Order from this Court requiring Townsend to appear at his deposition and the deposition was properly noticed. There was no reason to

"affirm" Townsend's participation.

Townsend also argues that he was in the process of drafting a Motion for a Protective Order. *Townsend Affidavit, ECF 63-1 at 4.* But Defendants sent Townsend a Notice of Deposition on October 16, 2014 scheduling the deposition for October 24, 2014. Instead of filing a motion for a protective order which would have preserved his objection to the deposition, Townsend filed a Motion for Partial Summary Judgment which did not. *Motion for Partial Summary Judgment, ECF 48 filed October 24, 2014, dated October 20, 2014.* No motion for protective order was ever filed.

Townsend has stated no basis to reconsider the Court's January 7, 2015 Order dismissing this case. There is no new evidence, no fraud, no mistake, no manifest error of law or fact, and no manifest injustice upon which this Court should reconsider its prior Order.

Accordingly, the Court issues the following:

### ORDER

Townsend's Objections to the Court's January 7, 2015 Order Dismissing the Case (*ECF 63, 64, 65*), as construed as a Rule 59 Motion

to Alter or Amend Judgment and/or a Rule 60 Motion for Relief from Judgment, is DENIED.

DATED this 16th day of March, 2015.

                                             _/s/ Carolyn S. Ostby_
                                             United States Magistrate Judge